(117 So. 401)

## SOUTHERN LIFE & HEALTH INS. CO. v. DRAKE. (6 Div. 173.)

Court of Appeals of Alabama. Jan. 17, 1928.

Rehearing Denied Feb. 7, 1928. Affirmed on Mandate June 12, 1928.

Cabaniss, Johnston, Cocke & Cabaniss and Gerry Cabaniss, all of Birmingham, for appellant.

Arthur L. Brown and W. M. Davison, both of Birmingham, for appellee.

BRICKEN, P. J. This cause was tried by the court below, without a jury, on the following agreed statement of facts:

"Southern Life & Health Insurance Company issued a policy on the life of Malinda Forrest, with Frankie Lee Drake as beneficiary, on October 5, 1925. The amount of the death benefit was $185. Thereafter, on November 18, 1925, Malinda Forrest died at Montgomery, Ala., broncho-pneumonia being the cause of her death. The policy in question provided that if the insured should die within the first twelve months from the date of the policy, 'either directly or indirectly from tuberculosis, pulmonary disease or chronic bronchitis, or cancer, or disease of the heart, liver, or kidneys, or pellagra,' the liability of the company should be limited to one-quarter of the sum specified as a death benefit. Southern Life & Health Insurance Company tendered to Frankie Lee Drake, the beneficiary, one-quarter of the specified death benefit. The tender was refused, and the defendant in this action paid into court, for the use of the plaintiff, said sum. The plaintiff, Frankie Lee Drake, after having made all required proofs of loss, made demand upon the company for the full amount of the stipulated death benefit. Upon refusal of the company to pay more than one-quarter of the stipulated death benefit, said Frankie Lee Drake, by her next friend, Hattie Drake, brought this suit."

The sole question in this case is whether "broncho-pneumonia" is, within the meaning of the policy, a pulmonary disease. "Bron-cho-pneumonia" is defined in Webster's New International Dictionary as "Inflammation of the bronchi and lungs." "Inflammation" is defined by the same authority as "a morbid condition consisting in congestion of the blood vessels and exudation of serum and blood corpuscles with resulting hyperplasia." "Disease" is defined in the same work as "an alteration in the state of the body or of some of its organs, interrupting or disturbing the performance of the vital functions." It has also been defined as any derangement of the functions or alteration of the structure of the animal organs; "a morbid condition, resulting from some functional disturbance or failure of physical function which tends to undermine the constitution." Meyer v. New York Fidelity, etc., Co., 96 Iowa, 378–385, 65 N. W. 328, 329, 330. It is practically synonymous with infirmity. We are therefore of the opinion that "broncho-pneumonia" is, within the meaning of the policy, a pulmonary disease.

The ruling of the trial court was not in accord with this opinion, and its judgment is reversed and one here rendered in favor of appellee for $46.25.

The costs of this appeal and in the court below are taxed against appellee's next friend.

Reversed and rendered.

PER CURIAM. Affirmed, on authority of Southern L. & H. Ins. Co. v. Drake, 217 Ala. 601, 117 So. 402.